IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | § § | |
| *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 7:20-CV-018 |
| 111.52 ACRES OF LAND, MORE OR LESS, SITUATED IN HIDALGO COUNTY, STATE OF TEXAS; AND DANIEL YTURRIA BUTLER, et al., | § § § § § § | |
| *Defendants* | § | |

## DEFENDANTS ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME all the Defendants **DANIEL YTURRIA BUTLER, et al** (hereinafter at times referred to as "Defendants") and file this their original answer under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure to the UNITED STATES OF AMERICA's Complaint in Condemnation and Declaration of Taking and in support thereof would respectfully show as follows:

### RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2. Defendants admit the allegations in section 2, subject to their objections and defenses hereinafter.

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5. Upon information and belief, Defendants own the full fee simple absolute estate in all of the land involved in this condemnation action.

6. To the extent that number six requires an answer, Defendants object to the extent that said proposed condemnation and temporary taking does not justly compensate Defendants for all the land being affected by the temporary taking and does not compensate adequately. Answering further from any date that possession is granted it should be much less than 12 months to conduct the activities required by the government. In the event that the government files a motion for immediate possession then the time period for it to conduct its activities should be shortened significantly from the 12 months requested to a time period no longer than 2 months. Based upon information and belief the activities to be done would not require a significant amount of time.

7. Defendants deny that the sum estimated is just compensation for the proposed temporary taking. Defendants assert that the just compensation is much greater and that the Plaintiff has not taken into the account the entire effect on the entire tract. Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendants request and demand a trial by jury to establish the just and fair compensation for the proposed temporary taking.

8. Defendants assert that they are undivided fee simple owners of all the land affected by this condemnation and requested temporary taking suit. To the extent that the Hidalgo County Tax Assessor Collector should be notified, then same can occur. In addition the party listed as Daniel Y. Butler Trust, Daniel Yturria Butler, Trustee should also have added to it at the end under the will (U/W/O) of Leslie O. Levi. The Court should require the government and any of its agents, contractors, or assigns that go on the property to fully indemnify the Defendants in the case of any claims for death or injuries to person or property. The Court should require the Government contractors, agents and assigns to have adequate insurance to cover any claims that could be made for damages to person or property while conducting activities on Defendants' property.

9. To the extent an answer is required, Defendants claim a full fee simple absolute undivided interest in the property affected. To the extent that the Hidalgo County Tax Assessor Collector should be notified, then same can occur.

**RESPONSES TO THE DECLARATION OF TAKING (DOCUMENT 2)**

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

3. Defendants own the full fee simple absolute estate in all of the land involved in this condemnation action.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 4, but it is believed to be accurate as an aerial.

5. Defendants admit they own a full absolute undivided fee simple estate in all of the land involved in this condemnation action for temporary taking.

6. Defendants deny that the sum estimated is just compensation for the proposed temporary taking. Defendants assert that the just compensation is much greater and that the Plaintiff has not taken into the account the entire effect on the entire tract. Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendants request and demand a trial by jury to establish the just and fair compensation for the proposed temporary taking.

7. Defendants assert that they are absolute undivided fee simple owners of all the land affected by this suit.

8. Defendants deny that the Plaintiff United States has made best efforts to negotiate the temporary taking of the property interest sought prior to filing this condemnation action.

## DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Rules 71.1(e)(2) Defendants set out all the following as objections and/or defenses to the complaint in condemnation and request for temporary taking. Defendants would show the following:

1. Plaintiff has failed to negotiate in good faith and to make a good faith offer and tender into the Court for the temporary taking.

2. That the Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to entry onto the property.

3. To that extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et. seq. may apply that the Plaintiff be required to comply with those provisions, before any possession or taking.

4. To the extent that it applies, that any order of possession be done in compliance with Title 40 USCA, section 3114.

5. In the alternative, that the Court fix the time and the terms on which the Plaintiff may take temporary possession of the land, and that Defendants be notified at least seventy-two (72) hours in advance by email or other means through their undersigned attorney of any proposed entry to the land.

6. Defendants request a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(b) of the Federal Rules of Civil Procedure to determine, just compensation.

7. Defendants claim a full undivided absolute fee simple interest in the property affected.

8. Answering further as to the extent it applies, Defendants reserve all rights they have under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorneys fees for the condemnation. Also see USA vs. 329.73 acres of land, et. al., 704 F 2d 800(5th Cir.1983, en banc)

9. Defendants also reserve their rights to receive additional interest on any final award of compensation for the temporary taking as may be provided for in Title 40 USCA, section 3116.

10. Defendants object to the extent that the public purpose for which the interest in the property is being taken exceeds the statutory authorization in Title 8 USCA, section 1103(b) and note. Upon information and belief that statute provides for reinforced fencing and also provides for the installation of additional physical barriers, roads, lighting, cameras, and sensors to gain operational control of the southwest border. To the extent that said public purpose noted by Plaintiff exceeds or contradicts the statute and does not define related structures or roads, Defendants object.  Plaintiff has identified public purpose in Section 4 of the Complaint in Condemnation; and Schedule B attached to the Declaration of Taking and Notice.

11. To the extent that the waiver published in the Federal Register on October 11, 2018 submitted by the Department of Homeland Security waiving several federal statutes including various environmental statutes, Defendant objects to the extent that this waiver could be in non compliance with federal law.  Further to the extent that any Court was to issue an injunction or restraining order against said waiver and requiring the compliance with the various federal statutes listed in said waiver submitted as document citation 83FR51472 found at pages 51472-51474 of the Federal Register and reflected as documents number 2018-22063, Defendant would join In any such request for injunction relief.

12. Plaintiff has failed to clearly identify whether its offer takes into consideration or provides any damages separately to that portion of the property being used by the Plaintiff, for its survey and other activities.

13. That the Plaintiff has failed to provide just and adequate compensation for all the land being temporarily taken.

14. Defendant has not been provided with any documentation as to how the Plaintiff arrived at the value in the offer or deposit made and Defendant objects to said offer.

15. Defendants further reserve the right to file additional objections or defenses to the temporary taking by the Plaintiff, United States of America if circumstances change, when a final survey of the property taken is provided to Defendants or any amendments are filed by the Plaintiff.

WHEREFORE, Defendants request that:

1. Judgment be rendered denying Plaintiff's right to condemn and obtain a temporary assignable easement or for any other purpose on Defendant's property.

2. In the alternative, if the property is taken under a temporary assignable easement then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession and time for it. As requested herein above the Court should place requirements for the Government and/or its agents, assigns, or contractors to fully indemnify Defendants against any claims for any personal injury, death, or property damage while conducting activities on the Defendants property which would fully protect and indemnify the Defendants from such claims.

3. To the extent applicable, Defendants be allowed recovery of their expenses for attorney fees in defending against this condemnation action pursuant to the provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412, if applicable.

4. The Court grant Defendants such other and further relief as the Court deems proper.

5. Defendants request a trial by jury, pursuant to Rule 71.1(h) (1) (B) on the issue of just and adequate compensation.

    Respectfully submitted,

    **DANIEL YTURRIA BUTLER, RICHARD E. BUTLER II, et al., Defendants**

By: */s/ David C. Garza*
David C. Garza (attorney in charge)
Texas State Bar No. 07731400
Federal Admissions ID No. 3778
GARZA & GARZA, LLP
PO Box 2025
680 East St. Charles, Ste. 300
Brownsville, TX 78520
Telephone: (956) 541-4914
Fax: (956) 542-7403
Email: dgarza@garzaandgarza.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2020, I electronically filed the foregoing original answer by Defendants with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and that I emailed a copy to the following:

**Megan Eyes**
Assistant United States Attorney                    *email:* **Megan.Eyes@usdoj.gov**
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501
Tel.: 956-618-8010
Fax: 956-618-8016

*/s/ David C. Garza*
David C. Garza