IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. 7:20-CV-018 |
| 111.52 ACRES OF LAND, MORE OR LESS, SITUATED IN HIDALGO COUNTY, STATE OF TEXAS; AND DANIEL YTURRIA BUTLER, et al., | § § § § § | |
| *Defendants* | § | |

## DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT **DANIEL YTURRIA BUTLER, RICHARD E. BUTLER II et al.,** (hereinafter at times referred to as "Defendants") and files this response in opposition to the Plaintiff's motion for order of immediate possession and would respectfully show the Court as follows:

1. Defendants filed their original answer on February 19, 2020 setting out numerous detailed objections and defenses to the proposed taking of the property.

2. This Honorable Court has set an initial conference in the case for April 8, 2020.

3. The motion for order of immediate possession does not adequately and fully set out why immediate possession is necessary. In Section 1 the introduction of its motion the Plaintiff United States says: "Construction contractors are on the ground and ready to access this property as soon as the United States obtains possession.

Additionally, survey contractors need access to set permanent pins so a property survey can be finalized and submitted to the United States Army Corps of Engineers". The complaint in condemnation does not seek a permanent take of the property. No appraisal has been done. No offer has been made to the Defendant for a permanent take of the property. The complaint seeks temporary possession for conducting a survey. Therefore the government's suggestion that construction contractors are on the ground and ready to access the property is not a valid basis for the proposed order of immediate possession.

4. The motion does not say how long the survey contracts have been awarded for. Moreover, the request for the order of immediate possession requests a twelve month period. The Court could take judicial knowledge of the fact that to go on and perform a survey of the corners of the property and the specific property the Government proposes to take could probably be accomplished in one or two days at the most. Defendants object to the extent that said proposed condemnation and temporary taking does not justly compensate Defendants for all the land being affected by the temporary taking and does not compensate adequately. Answering further from any date that possession is granted it should be much less than 12 months to conduct the activities required by the government. The time period for the Plaintiff to conduct its activities should be shortened significantly from the 12 months requested to a time period no longer than 2 months. Based upon information and belief the activities to be done would not require a significant amount of time.

5. The Defendants again reiterates their objection to the amount of just compensation as being very inadequate

6. This Honorable Court should consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession and time for it. The Court should place requirements for the Government and/or its agents, assigns, or contractors to fully indemnify Defendants against any claims for any personal injury, death, or property damage while conducting activities on the Defendants property which would fully protect and indemnify the Defendants from such claims. The government in its proposed order notes that "To the extent possible, the United States should use contractors that have appropriate liability insurance". The Court should satisfy itself that the Plaintiff's contractors do have appropriate liability insurance to protect against any claims for personal injury, death or property damage while conducting activities on the Defendants property.

WHEREFORE PREMISES CONSIDERED, Defendants requests the following:

1. An order be entered denying Plaintiff's motion for order of immediate possession;

2. That such a motion not be considered until at least at or after the initial conference already set for April 8, 2020;

3. That the Court consider all the Defendants' objections and defenses in deciding whether to issue such an order for immediate possession;

4. In the alternative, that if the Court was inclined to grant an order for immediate possession that reasonable restrictions be placed on the Plaintiff as to when it may enter the property and prior notices that it must give to the Defendants prior to entering on to the property at least 72 hours in advance; and as noted above the Government and/or its agents, assigns, or contractors to fully indemnify Defendants

against any claims for any personal injury, death, or property damage while conducting activities on the Defendants property which would fully protect and indemnify the Defendants from such claims.

5. That the Court grant the Defendants such other and further relief as the Court deems proper.

        Respectfully submitted,
        **DANIEL YTURRIA BUTLER, RICHARD E. BUTLER II, et al., Defendants**

By:    */s/ David C. Garza*
        **David C. Garza (Attorney in charge)**
        Texas State Bar No. 07731400
        Southern District of Texas ID No. 3778
        dgarza@garzaandgarza.com
        GARZA & GARZA, L.L.P.
        680 East St. Charles, Suite 300
        P.O. Box 2025
        Brownsville, Texas 78522-2025
        Telephone: (956) 541-4914
        Fax: (956) 542-7403
        **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, I electronically filed the foregoing original response by Defendant with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record:

**Megan Eyes**
Assistant United States Attorney        *email:* *megan.eyes@usdoj.gov*
Southern District of Texas No. 3135118
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501

        */s/ David C. Garza*
        David C. Garza